## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                    )
**CLAUDIA PIERRE MULLER,**          )
                                    )
      **Plaintiff,**            )
                                    )
      **v.**                    )      **Civil Action No. 11-10510-DJC**
                                    )
**BEDFORD VA ADMINISTRATION**       )
**HOSPITAL, et al.,**               )
      **Defendants.**           )
_____)

### MEMORANDUM AND ORDER

**CASPER, J.**                                    February 25, 2013

## I.    Introduction

The matter is presently before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction and, in the alternative, for insufficient service of process.   For the reasons set forth below, the Court grants Defendants' motion to dismiss in part and dismissed the complaint for failing to state a claim upon which relief can be granted.

## II.    Factual Allegations

On March 16, 2011, Plaintiff Claudia Pierre Muller ("Muller") filed a *pro se* complaint against her former employer alleging that she was subject to discrimination and a hostile work environment on the bases of religion and retaliation for engaging in protected conduct.  See D. 1. Attached to her complaint were adverse decisions from the Merit Systems Protection Board ("MSPB") and the Equal Employment Opportunity Commission ("EEOC").  Id.

Muller alleges that she was hired by the Veterans Hospital in 2003 as a permanent nursing assistant.  Id. at 1.  She further alleges that she was hired with a religious accommodation that she not work on Saturdays.  Id.  After allegedly enduring five years of "persecutions caused by the

nursing management," she complained to nurse manager, Lula Cumberlander, who "did not do anything about it" and the "environment was becoming more and more hostile." Id. at 2.  In 2006, Muller filed an EEOC complaint regarding her situation at the hospital. Id.  Muller alleges that Cumberlander rescinded her "religious day (Sabbat Day) [and charged her with absence without pay] (AWOL) for [her] Religious Day off." Id. at 2-3.  Muller received a letter of reprimand on October 18, 2007. Id. at 3.  The following month, on November 29, 2007, the hospital suspended her for ten days without pay. Id.  Muller was reassigned to several lower grade positions in the float pool, the long term care unit  and the escort pool before eventually being terminated in September 2009. Id.  Muller filed an appeal concerning her termination with the MSPB. Id. at 4.  She alleges that she refused to sign a resignation letter because she was filing a complaint for discrimination with the EEOC. Id.  Plaintiff seeks to be reinstated to a permanent position or to be compensated. Id. at 5.          With her complaint, Plaintiff filed an application to proceed without prepayment of fees and an affidavit.  D. 3.

### III.    Procedural History

The Court allowed Muller's application to proceed without prepayment of fees and ordered the United States Marshals Service to serve the summons on the Defendants as directed by Muller. D. 5.  Muller had 120 days from the date of the Order to complete service.  D. 5.  The Clerk issued summons for service of the two Defendants:  the Bedford VA Administration Hospital and Ms. Follensbee, the hospital director.  Docket entry of February 8, 2012.

The docket indicates that on June 5, 2012, timely service was made on the General Counsel

for the VA Hospital on behalf of the Bedford VA Administration Hospital ("the Hospital").[1]  D. 6. The Deputy U.S. Marshal was unable to serve the co-defendant.  D. 7.  Muller has not returned proof of service on the Secretary of Veterans Affairs, the Attorney General, or the United States Attorney for the District of Massachusetts.  D. 10 at 4.

On August 22, 2012, the Defendants moved to dismiss the complaint.  D. 9.  By Order dated September 11, 2012, the Court advised Muller that she failed to file an opposition to Defendants' motion.  D. 11.  The Court gave Plaintiff until October 5, 2012 to show cause why this case should not be dismissed and file any opposition to the pending motion by that time.  Id.  On October 5, 2012, Plaintiff filed a response to the Court's Order and opposed the Defendants' motion to dismiss. D.12.

## IV.   Standard of Review

The Defendants have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(5), for insufficient service of process.  The Defendants have move to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based upon this Court's alleged lack of jurisdiction to review the MSPB decision as well as upon Muller's alleged failure to commence this action within ninety days of the EEOC decision.

To the extent Defendants seek dismissal of the complaint as untimely filed, the Court recognizes that compliance with the ninety-day period of 42 U.S.C. § 2000e–5(f)(1) is not jurisdictional.  See McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 505 (1st Cir. 1996).  Thus,

---

[1]As noted by defendants, the entity "Bedford VA Administration" does not exist and that plaintiff's former place of employment in Bedford is a component of the Veterans Health Administration, which is a component of the Department of Veterans Affairs. See Docket 10, Def. Mem., n. 1.

the Court will construe the challenge to the timeliness of the complaint pursuant to Rule 12(b)(6), which allows dismissal of an action for "failure to state a claim upon which relief can be granted." The distinction is of no import because motions to dismiss brought under Rules 12(b)(1) and 12(b)(6) are subject to the same standard of review.  See Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999) (Rule 12(b)(6)); Sea Shore Corp. v. Sullivan, 158 F.3d 51, 54 (1st Cir. 1998) (Rule 12(b)(1)); Negrón–Gaztambide v. Hernández–Torres, 35 F.3d 25, 27 (1st Cir.1994).

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings.  When confronted with a motion to dismiss, the Court accepts as true all well-pleaded facts, and give the Plaintiff the benefit of all reasonable inferences. See Lanqadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  Dismissal is only appropriate if the pleadings, so viewed, fail to support "'a plausible entitlement to relief.'" Rodriguez–Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

 "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).[2]

On a motion to dismiss, the Court must view a *pro se* plaintiff's allegations liberally and

---

[2]Consistent with the relevant standard, the Court has considered the public record submitted by Plaintiff, as an attachment to the complaint, which relate to her administrative action before the EEOC.

apply a less stringent standard to a *pro se* pleading than to a complaint drafted by counsel.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).  Nonetheless, *pro se* plaintiffs must comply with the applicable procedural and substantive rules of law and dismissal remains appropriate when the complaint fails to suggest an actionable claim.  Overton v. Torruella, 183 F. Supp. 2d  295, 303 (D. Mass. 2001).

## V.      Discussion

### A.      Judicial Review of the MSPB Decision

In seeking to dismiss the complaint for lack of subject matter jurisdiction, the Defendants correctly note that judicial review of an adverse MSPB decision would be with the Court of Appeals for the Federal Circuit.  D. 10 at 4-5.  However, Muller clarifies in her response that she is not challenging the MSPB decision.  D. 12 at 3.  Muller explains that she references the MSPB decision in an attempt "to frame the context in which the alleged discriminatory and retaliatory conduct of the defendants occurred."  Id.  Accordingly, Muller clearly seeks to bring this action solely pursuant to Title VII, a claim over which this Court does have jurisdiction.  Id.

### B.      Plaintiff's Complaint was not Timely Filed

Under Title VII, an aggrieved federal employee may "file a civil action in a federal district court."  Brown v. Gen. Serv. Admin., 425 U.S. 820, 832 (1976); see 42 U.S.C. § 2000e–16(c).  The EEOC sets forth specific procedures for seeking agency relief.  42 U.S.C. § 2000e–16(b).  As was the case here, after an employee has filed a discrimination complaint, she may bring a civil suit in federal court "only if the EEOC dismisses the [discrimination complaint], or if it does not bring civil suit or enter into a conciliation agreement within 180 days of the filing of the [discrimination complaint]."  Franceschi v. U.S. Dep't of Veterans Affairs, 514 F.3d 81, 85 (1st Cir. 2008) (citing

42 U.S.C. § 2000e–5(f)(1)).

Title VII requires that a claimant file suit within 90 days of receiving notice of her right to sue from the EEOC.  See 42 U.S.C. § 2000e–5(f)(1) (if charge "is dismissed by the Commission ... [it] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought"); see Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005) (employee must sue within 90 days from the time EEOC "dismissed the charge or that the government has failed to address the employee's grievance").  "In light of the statutory scheme, it is unsurprising that, in a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door."  Id.

Here, the EEOC issued its final decision on October 8, 2010 and it mailed the decision to Muller at that time.  D. 1, Attachment #3 at 9.  This decision also informed Muller of her right to file a civil action in federal court and that such filing must be made within ninety days of that decision.  D. 1, Attachment #3 at 8.  Muller does not dispute that she filed this action more than ninety days after receipt of the EEOC decision, D. 12 at 2-3, and the docket reflects that she filed her complaint on March 16, 2011.  D. 1.

In her response and opposition to the motion to dismiss, Plaintiff explains that she failed to file her complaint two months earlier because she "misinterpreted the 90 day deadline notice of filing her pro se complaint in the United States District  Court on or before January 10 . . .  and, instead, mistakenly filed same on March 16, 2011."  D. 12 at  2-3.  Plaintiff further states that the "delay in filing the pro se complaint on time is simply the result of a lack of legal acumen and constitutes excusable neglect."  Id. at 3.  Finally, Plaintiff argues that the defendants have "failed to show how an alleged untimely failure to file this action within the 90 day period . . . materially

prejudiced their legal rights or otherwise impaired their ability to defend against the plaintiff's claim as to require dismissal of her complaint." Id.

### C.      Equitable Tolling

"Equitable tolling is available in exceptional circumstances to extend the statute of limitations" in cases brought pursuant to Title VII. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 119 (1st Cir. 2009) (quotation and citation omitted).  A party asserting equitable tolling must demonstrate that: (1) he has been diligent in pursuing his rights and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (noting that "[g]enerally speaking–peculiar circumstances may leave some wiggle room–equitable tolling is not appropriate unless a claimant misses a filing deadline because of circumstances effectively beyond her control").

"Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (holding that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence").  The Supreme Court, however, has recognized that equitable tolling may be applied in cases where "a claimant has received inadequate notice," or "where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motio is acted upon," or "where the court has led the plaintiff to believe that she had done everything required of her," or "affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." Id. at 151 (citations omitted).

Additional types of exceptional circumstances that have been held to justify tolling include

where the plaintiff's pleading, though defective, was actually filed within the statutory period, or where the plaintiff was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (citations omitted). The Court is "much less forgiving" where the plaintiff has "failed to exercise due diligence in preserving his [or her] legal rights." Id. at 96. It is generally recognized that "equitable tolling will not 'rescue a plaintiff from his or her lack of diligence.' " Farris v. Shinseki, 660 F.3d 557, 563 (1st Cir. 2011) (quoting Abraham v. Woods Hole Oceanographic Inst., 553 F.3d at 119).

No such peculiar or exceptional circumstances exist here. Although Plaintiff contends that she was mistaken as to the filing deadline, the Court concludes that she has failed to state a sufficient basis for equitable tolling of the ninety-day deadline. The EEOC decision notified her of the rule regarding the 90-day time limit for seeking judicial review and she was required to file her complaint in this Court on or about January 9, 2011.[3] However, she did not file the present suit until March 16, 2011, more than two months later. Although plaintiff argues that her neglect is excusable, the standard requires an extraordinary circumstance to warrant equitable tolling of the statutory deadline.

Plaintiff's misinterpretation of the filing deadline and/or her "lack of legal acumen" cannot substitute for the diligence that the courts require to invoke equitable tolling. See Baldwin, 466 U.S. at 151 (holding that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence"). Her explanations for her late filing do not even rise to the level of

---

[3]A presumption exists that an EEOC notice is received three days after its mailing. See e.g. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d at 121 n. 10. Additionally, the certificate of mailing on the last page of the EEOC decision states that the Commission will presume that the decision was received within five calendar days after it was mailed.

"garden variety claim[s] of excusable neglect" <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990).

Moreover, Muller's argument that the Defendants were not prejudiced by her failure to comply with the requirements for timely filing does not compel another result.   As the Supreme Court has recognized, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." <u>Baldwin Cty. Welcome Ctr.</u>, 466 U.S. at 152.

For all of these reasons, the Court concludes that equitable tolling does not save the untimely filing of Muller's complaint.

### D.    Insufficient Service of Process

 Because the Court dismisses the complaint as untimely, it is unnecessary to address the issue of  insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

## VI.    Conclusion

For the foregoing reasons, defendants' motion to dismiss is GRANTED in part.  Accordingly, the Court DISMISSES the complaint as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

 /s/ Denise J. Casper                      
Denise J. Casper
United States District Judge